IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                         PLAINTIFF

V.                                       Case No. 4:24-cr-00017-KGB-1

CODY TAYLOR STUCKEY                                                                              DEFENDANT

### ORDER DENYING OPPOSED MOTION TO REOPEN DETENTION HEARING

Pending before the Court is Defendant Cody Stuckey's Opposed Motion to Reopen Detention Hearing. (Doc. No. 44) On February 15, 2024, this Court ordered Mr. Stuckey detained pending trial. (Doc. No. 18) Mr. Stuckey now moves for this Court to reconsider his pretrial release and/or to reopen his detention hearing.

Specifically, Mr. Stuckey asserts that the following circumstances warrant this Court's reconsideration of his release: (1) that he proved himself to not be a flight risk while on temporary release for surgery, (2) that his mother served as his third-party custodian while he was temporarily released and can do so if this Court reconsidered releasing him, and (3) that Fleming Control and Power Specialties will employ him upon release.

The Government opposes Mr. Stuckey's motion. (Doc. No. 47) It states that he has not presented any new information for this Court to reconsider releasing him on conditions. Ultimately, the Government states that he still remains a flight risk and a danger to the community for the reasoning set forth in the Court's Order of Detention dated February 15, 2024. (Doc. No. 18) It also highlights that while Mr. Stuckey was on temporary release for medical reasons, he tested positive for marijuana and admitted to using it.

As both parties mention, 18 U.S.C. § 3142(f) states:

> [A detention] hearing may be reopened, before or after a determination by the
> judicial officer, at any time before trial if the judicial officer finds that information

1

exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). Nothing that Mr. Stuckey has presented is materially new or was unknown at the time of his initial detention hearing. In fact, his mother—although not proposed as a third-party custodian then—testified, and the same employer also testified that it was willing to hire Mr. Stuckey if the Court granted release. That testimony was not enough to convince this Court to release him on conditions.

Mr. Stuckey also states that the drug test he took while on temporary release was not confirmed positive for marijuana. He does not state how he obtained this information, and this prompted the Court to contact pretrial services. The Court is awaiting a response from the pretrial services officer; however, the fact that the test did not confirm marijuana use is immaterial when Mr. Stuckey also admitted to using marijuana a week prior to being tested.

Even excluding the drug test result, the Court agrees with the Government that Mr. Stuckey has not provided any newly discovered material information that would alleviate its concerns about him being a flight risk and a danger to the community. Therefore, his motion is DENIED.

SO ORDERED this 18th day of October, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE